IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

CIVIL ACTION 05-30093-MAP

| | |
|---|---|
| COLLEEN A. CLOUTIER and DONALD L. CLOUTIER, <br> Plaintiffs <br><br> vs. <br><br> TRUSTEES OF MILLBANK PLACE CONDOMINIUM TRUST, HAMPSHIRE PROPERTY MANAGEMENT GROUP INC., and MARCUS, ERRICO, EMMER & BROOKS, P.C., <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANTS' ANSWER TO COMPLAINT

Now come the Defendants, Trustees of Millbank Place Condominium Trust, Hampshire Property Management Group, Inc. and Marcus, Errico, Emmer & Brooks, P.C. and hereby answer the Plaintiffs' complaint as follows:

1) Defendants are without knowledge as to the truth of the allegations in this paragraph.

2) Admitted.

3) Admitted.

4) Admitted.

5) Admitted.

## FACTS

6) Admitted that the Unit is subject to the terms of the Master Deed. Further answering, Defendants state that by purchasing a Unit at the Millbank Place Condominium, the Plaintiffs became beneficiaries of the Millbank Place Condominium

Trust to the extent of their beneficial percentage interest in the Condominium, as set forth in Exhibit A to the Master Deed.

7) Defendants admit to the Master Deed which is attached to the complaint. Further answering, the Defendants state that the Master Deed speaks for itself.

8) Defendants admit to the Master Deed which is attached to the complaint. Further answering, the Defendants state that the Master Deed speaks for itself.

9) Defendants admit to the Master Deed which is attached to the complaint. Further answering, the Defendants state that the Master Deed speaks for itself.

10) Defendants admit to the Master Deed which is attached to the complaint. Further answering, the Defendants state that the Master Deed speaks for itself.

11) Defendants admit to the Master Deed, including Exhibit 3 to the Master Deed, which is attached to the complaint. Further answering, the Defendants state that the Master Deed speaks for itself.

12) Defendants admit that the letter attached as Exhibit B to the complaint was received by Hampshire Property Management Group, Inc. Further answering, the Defendants state that said letter speaks for itself.

13) Defendants admit that the letter attached as Exhibit C to the complaint was sent by Hampshire Property Management Group, Inc. to the Plaintiffs. Further answering, the Defendants state that said letter speaks for itself.

14) Defendants are without knowledge as to what the Plaintiffs may believe. Denied as to all other allegations.

15) Admitted. Further answering, Defendants state that Hampshire Property Management had given prior notice to each of the Plaintiffs on or about December 12,

2002 of the Millbank Place Condominium Trust's intention to collect rents from the tenants. The reason for the notices on December 12, 2002 and December 27, 2002 was that the Plaintiffs had failed to pay certain common area expenses dating back to at least August, 2002, which expenses were owed to the Millbank Place Condominium Trust.

16) Admitted. Further answering, Defendants state that Marcus, Errico, Emmer & Brooks, P.C. had given prior notice to each of the Plaintiffs on or about March 3, 2003 of the Millbank Place Condominium Trust's intention to collect rents from the tenants. The reason for the notices on March 3, 2003 and March 25, 2003 was that the Plaintiffs had failed to pay certain common area expenses dating back to at least August 2002, which expenses were owed to the Millbank Place Condominium Trust.

17) Defendants are without knowledge as to the truth of the allegations in this paragraph. Further answering, Defendants state that they never received any rent from Plaintiffs' tenants at any time.

18) Defendants are without knowledge as to the truth of the allegations in this paragraph.

19) Denied.

20) Denied.

21) Denied.

22) Defendants are without knowledge as to the truth of the allegations in this paragraph.

23) Denied.

24) Denied.

25) Admitted that, on or about March 10, 2004, Marcus, Errico, Emmer & Brooks, P.C. provided Plaintiffs' counsel a written itemization of amounts due from Plaintiffs to the Millbank Place Condominium Trust. Denied as to any other allegations. Further answering, Defendants state that they had previously communicated by telephone with Plaintiffs' counsel on multiple occasions prior to March 10, 2004 about rent payments, amounts due from Plaintiffs and other issues.

26) Admitted that, in a letter dated March 10, 2004, Marcus, Errico, Emmer & Brooks, P.C. notified Plaintiffs' counsel that Defendants had collected no rent from Plaintiffs' tenants. Denied as to any other allegations. Further answering, Defendants state that they had previously communicated by telephone with Plaintiffs' counsel on multiple occasions prior to March 10, 2004 about rent payments, balances due from Plaintiffs and other issues.

27) Admitted.

28) Denied that any rescheduled closing for Plaintiffs' Unit was caused in any way by any of the Defendants. Defendants are without knowledge as to the truth of any other allegations in this paragraph.

29) Defendants are without knowledge as to the truth of the allegations in this paragraph.

30) Denied. The Plaintiffs agreed to pay $1,193.43 of the total repair costs, which amount represented one of the three roof windows. Defendants are without knowledge of the exact date on which the skylights were repaired.

31) Defendants are without knowledge as to the truth of the allegations in this paragraph, other than the fact that Defendants continued to assess monthly common area

charges and other charges to Plaintiffs' unit during the time Plaintiffs owned the Unit, but Plaintiffs failed to make any payments to the Millbank Place Condominium Trust between at least July 1, 2003 and June 2, 2004.

32) Admitted, except that the Unit deed appears to be dated April 22, 2004.

33) Denied.

34) Admitted that Section 2 of the Declaration of Trust for the Millbank Place Condominium Trust states, in relevant part, that, "The Board of Trustees may assess a late charge of Ten ($10.00) Dollars per month for each late payment or part thereof if the amount due is not paid by the tenth (10th) day of each month for each month that the amount due remains unpaid." Denied as to other allegations.

35) Denied that the Defendants assessed excessive late charges against the Plaintiffs. Admitted as to Plaintiffs' ledger.

36) Admitted as to the existence of the correspondence attached as Exhibit E to the complaint. Denied that the $7,047.84 amount from the correspondence dated March 10, 2004 represents a payoff figure. Further answering, Defendants state that they refunded $358.00 to Plaintiffs due to a math error in the May 13, 2004 payoff correspondence.

37) Admitted that the monthly common area charge for the Plaintiffs' Unit in 2004 was $184.76. Denied that attorney's fees and/or late charges were the only other charges assessed to Plaintiffs in 2004. Further answering, Defendants state that Plaintiffs failed to pay any monthly common area charges or other charges when they became due in 2004.

38) Denied.

39) Admitted.

5

40) Admitted, except that Defendants deny that their offer of settlement was unacceptable in any way.

## COUNT I

Defendants are not required to answer paragraphs 41 through 45 of the complaint, because Count I of the complaint has been dismissed pursuant to the Court's Memorandum and Order dated December 15, 2005.

## COUNT II

46) Defendants re-allege their answers to paragraphs 1 through 40.

47) Denied.

48) Denied.

## COUNT III

Defendants are not required to answer paragraphs 49 through 53 of the complaint, because Count III of the complaint has been dismissed pursuant to the Court's Memorandum and Order dated December 15, 2005.

## COUNT IV

Defendants are not required to answer paragraphs 54 through 58 of the complaint, because Count IV of the complaint has been dismissed pursuant to the Court's Memorandum and Order dated December 15, 2005.

## COUNT V

59) Defendants re-allege their answers to paragraphs 1 through 40 and paragraphs 46 through 48.

60) Admitted that the Unit is subject to the Master Deed of the Millbank Place Condominium.

61) Denied.

62) Denied.

63) Denied.

64) Denied. Further answering, Defendants state that Plaintiffs, in their capacity as landlords, had a duty and obligation to communicate with Plaintiffs' tenants to determine what rents, if any, tenants had paid.

65) Denied.

## COUNT VI

Based on pages 10 and 11 of the Court's Memorandum and Order dated December 15, 2005, it appears that the Court has dismissed Count VI of the complaint. However, page 4 of the Memorandum and Order does not include Count IV among counts which were dismissed by the Court. Therefore, Defendants will answer the allegations in Count VI subject to further clarification of the Court's Memorandum and Order.

66) Defendants re-allege their answers to paragraphs 1 through 40, paragraphs 46 through 48 and paragraphs 59 through 65.

67) Denied.

68) Denied.

69) Denied.

70) Denied.

71) Denied.

## COUNT VII

72) Defendants re-allege their answers to paragraphs 1 through 40, paragraphs 46 through 48 and paragraphs 59 through 71.

73) Admitted that Hampshire Property Management Group has sent correspondence to the Plaintiffs. Denied as to all other allegations.

74) Denied.

## COUNT VIII

75) Defendants re-allege their answers to paragraphs 1 through 40, paragraphs 46 through 48 and paragraphs 59 through 74.

76) Denied.

77) Denied.

78) Denied.

79) Denied.

80) Denied.

81) Denied.

82) Denied.

83) Denied.

## AFFIRMATIVE DEFENSES

1) The complaint fails to state any claim upon which relief can be granted.

2) Defendants have already compensated Plaintiffs fully for any damages which Plaintiffs may have sustained.

3) Defendants have fully complied with all provisions of the constituent documents of the Millbank Place Condominium.

4) Defendants have fully complied with all statutes and regulations in their dealings with the Plaintiffs.

5) Plaintiffs were delinquent on their common area expenses to the Millbank Place Condominium Trust for approximately twenty-three (23) months until Plaintiffs sold their unit. All actions taken by Defendants were designed to compel payment of a validly due balance from Plaintiffs.

6) Defendants responded properly to all requests by Plaintiffs during the time Plaintiffs owned their Unit at Millbank Place.

7) Plaintiffs failed in their duty as landlords to receive rent from their tenants and/or to evict their tenants for failing to pay rent.

8) Plaintiffs' claims are barred by the doctrine of waiver.

9) Plaintiffs' claims are barred by the doctrine of estoppel.

10) Plaintiffs' claims are barred by Plaintiffs' contributory negligence.

11) Plaintiffs' claims are barred by the doctrine of unclean hands.

12) Plaintiffs' claims are barred by the statute of limitations.

13) Any action or inaction by Defendants did not proximately cause any damages which Plaintiffs may have sustained.

14) Defendants responded to Plaintiffs' 93A demand letter in a timely and proper manner, and Defendants made a reasonable offer of settlement on the 93A claim.

Respectfully submitted,

Counsel for the Defendants,

Trustees of Millbank Place
Condominium Trust, Hampshire
Property Management Group, Inc.
and Marcus, Errico, Emmer
& Brooks, P.C.

_____
Paul J. Barresi/BBO #566757
Marcus, Errico, Emmer & Brooks, P.C.
45 Braintree Hill Office Park #107
Braintree MA  02154
781-843-5000

DATED: December 20, 2005

## CERTIFICATE OF SERVICE

I, Paul J. Barresi, hereby certify that on December 20, 2005, I served the foregoing Defendants' Answer to Complaint upon Joseph J. Lange, Esq., Lyon & Fitzpatrick, LLP, 14 Bobala Road, 4th Floor, Holyoke, MA 01040 by mail, first class postage prepaid.

_____
Paul J. Barresi

10